

PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| PATRICIA ANN JONES | : | Case No. 12-30662PM |
| | : | Chapter 13 |
| Debtor | : | |
| ---------------------------- | : | |
| LOUDOUN COUNTY, VIRGINIA | : | |
| Movant | : | |
| vs. | : | |
| | : | |
| PATRICIA ANN JONES | : | |
| Respondent | : | |
| ---------------------------- | : | |

### MEMORANDUM OF DECISION
### AND ORDER

Loudoun County, Virginia, seeks relief from the stay of 11 U.S.C. § 362(a) in order to permit it to consummate the tax sale for $33,500.00 to facilitate the collection of outstanding real estate taxes of $16,048.28. The subject property is a 2.15 acre parcel of unimproved land located in the Blue Ridge District. The parcel is owned free and clear of any liens aside from the County's claim. Debtor's schedule A values the property at $166,700.00, and there is nothing in the record to contradict this valuation. The County's claim accrues interest at the rate of 10% per annum.

Here, this over-secured creditor has an equity cushion of ten times the amount of the debt. It has long been held that the existence of an equity cushion "is the classic form of protection for a secured debt, justifying the restraint of lien enforcement by the bankruptcy

court." *In re Johnson*, 45 B.R. 618, 620 (BC Md.1985). *See, In re Mellor*, 734 F.2d 1396, 1401 (CA9 1984) ("a 20% cushion has been held to be an adequate protection for a secured creditor"); *In re Nichols*, 440 F.3d 850, 856 (CA6 2006); *In re Jug End in the Berkshires, Inc.,* 46 B.R. 892, 899 (BC Mass. 1985) ("[T]he classic protection for a secured debt justifying continuation of the automatic stay is the existence of an 'equity cushion.'"); *In re Rogers Development* Corp, 2 B.R. 679, 685 (BC E.D. Va.1980). 3 *Collier on Bankruptcy* ¶361.03[1] (16th ed. 2012). The existence of an equity cushion standing alone can provide adequate protection. Nor has the County shown cause for relief. Here it is accruing interest at the rate of 10% per annum, a rate far above anything generally obtainable today. Its position will be protected by the equity in the property for years to come.

      Therefore, the motion for relief from the stay of 11 U.S.C. § 362(a) is DENIED.

      SO ORDERED.

cc:
Belkys Escobar, Esq., Asst County Attorney, P.O. Box 7000, Leesburg, VA 20177
Anthoney H. Davis II, Esq., 4301 Garden City Drive, Suite 300, Landover, MD 20785
Nancy S. Grigsby, Trustee, P.O. Box 958, Bowie, MD 20718
Patricia Ann Jones, 414 70th Place, Seat Pleasant, Md 20743.

**End of Memorandum and Order**